**LI PING LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, U.S. Department of Justice, Respondents.**

**No. 07–1770–ag.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2007.

Dehai Zhang, Flushing, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Shelley R. Goad, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Li Ping Lin, a native and citizen of the People's Republic of China, seeks review

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), 1 Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

of a March 30, 2007 order of the BIA affirming the November 7, 2005 decision of Immigration Judge ("IJ") Brigitte Lafor-est, which denied her application for relief under the Convention Against Torture ("CAT"). *In re Li Ping Lin,* No. A95 688 220 (B.I.A. Mar. 30, 2007), *aff'g* No. A95 688 220 (Immig. Ct. N.Y. City Nov. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opin-ion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agen-cy determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to con-clude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

Substantial evidence supports the IJ's conclusion that Lin failed to establish that she would more likely than not be tortured upon return to China for illegally emigrat-ing to the United States. In support of her CAT claim, Lin testified that neigh-bors informed her that "being beaten ... happens in the jails in China." She addi-tionally relied on country condition reports indicating that illegal emigrants may be fined or detained. As this court has previ-ously found, evidence that "there is a risk that any individual detainee in China may be subjected to repressive conditions in prison" is insufficient to compel a finding that a specific alien would more likely than not be tortured if imprisoned on return to China. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

Additionally, to the extent that Lin raises the argument that she should be granted CAT relief based on her fear of sterilization and because she left China for political reasons, we decline to consid-er it. In addition to the statutory re-quirement that petitioners must exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially im-posed exhaustion requirement is mandato-ry. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Lin failed to seek CAT re-lief based on her fear of sterilization and the political dimension to her emigration in her appeal to the BIA, and because the Government has raised this failure to ex-haust in its brief to this Court, we decline to consider this issue. *See id.* at 123–24.

For the foregoing reasons, the petition for review is DENIED. As we have com-pleted our review, petitioner's pending mo-tion for a stay of removal is DISMISSED as moot.